## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW OSTROWSKI,

      Plaintiff,

      v.

FRANK D'ANDREA, et al.,

      Defendants.

CIVIL ACTION NO. 3:14-cv-00429

(CAPUTO, J.)
(SAPORITO, M.J.)

## <u>REPORT AND RECOMMENDATION</u>

This is a federal civil rights action, brought pursuant to 42 U.S.C. § 1983. In March 2014, plaintiff Andrew Ostrowski was a congressional candidate, seeking to represent Pennsylvania's Eleventh Congressional District in the United States House of Representatives. He alleges that an unidentified Hazleton police officer unlawfully seized three pages of nominating petitions containing 67 signatures from an unspecified campaign volunteer in an effort to frustrate Ostrowski's attempt to get on the election ballot. He has sued the unidentified officer as a "John Doe" defendant. Ostrowski further alleges that, after he initiated this civil rights action against Officer Doe, defendant Frank DeAndrea,[1] the

---

[1] Defendant DeAndrea's name appears to be misspelled in the

*(continued on next page)*

Hazleton Chief of Police, retaliated against him by convening a press conference to discuss the lawsuit, at which he accused Ostrowski of "fabricat[ing] the entire event for political purposes." (Doc. 4, at 6).

Ostrowski has asserted federal civil rights claims against DeAndrea pursuant to 42 U.S.C. § 1983, claiming that DeAndrea's conduct violated Ostrowski's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Ostrowski has also asserted a supplemental state-law defamation claim against DeAndrea based on his statements at the press conference. DeAndrea has moved to dismiss the action against him for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion to dismiss is fully briefed and ripe for decision

## I.  BACKGROUND

According to the amended complaint, in March 2014, plaintiff Ostrowski was a congressional candidate, engaged in an effort to secure the requisite number of nominating petition signatures to appear on an upcoming election ballot. On March 4, 2014, an unspecified campaign

_____

caption and in the amended complaint. We will use the spelling presented in DeAndrea's motion papers, as we presume defense counsel knows the correct spelling of his client's name.

volunteer, identified as "Jane Doe" in the amended complaint, was gathering petition signatures on Alter Street in the City of Hazleton when she was detained and searched by an unknown Hazleton police officer. The officer, identified as "John Doe" or "Officer Doe" in the amended complaint, allegedly told Jane Doe that she was required by city ordinance to have a permit to circulate nomination petitions on the streets of Hazleton.[2] The officer released Jane Doe and kept the nominating petitions she had been circulating, which included three sheets containing a total of 67 signatures in support of Ostrowski's placement on the election ballot.

Appearing through counsel, Ostrowski initiated this federal civil rights action by filing his original complaint on March 7, 2014. (Doc. 1). The original complaint asserted claims against Officer Doe only.

On March 10, 2014, Ostrowski allegedly attempted three times to reach Hazleton Police Chief DeAndrea by telephone to request the return of the confiscated nominating petitions. Unable to reach DeAndrea, Ostrowski allegedly sent him an email message that same day, but received no response. On March 10 and 11, 2014, Ostrowski filed his nominating papers, which met the numerical requirement for signatures,

---

[2] The amended complaint alleges that there is no such ordinance.

despite the loss of the confiscated nominating petitions with 67 signatures. On March 17, 2014, DeAndrea allegedly held a press conference, at which he publicly responded to the allegations of the original complaint and "made accusations that [Ostrowski] fabricated the entire event for political purposes." (Doc. 4, at 6).

On July 7, 2014, Ostrowski filed his amended complaint in this action, once again appearing through counsel. (Doc. 4). In his amended complaint, Ostrowski claimed that DeAndrea's statements at the press conference were false and defamatory, that they were made in retaliation for the filing of the original complaint in this litigation, and that they were intended to interfere with Ostrowski's right to run for elected office. Ostrowski further claimed that DeAndrea was a conspirator in the alleged unlawful detention of the campaign volunteer and confiscation of the nominating petitions. Ostrowski claimed that these acts violated his First, Fourth, and Fourteenth Amendment rights.

Subsequent to the amended complaint, Ostrowski's counsel of record was suspended from practice in this Court. *See In re Bailey*, No. 3:14-mc-0608 (M.D. Pa. Oct. 17, 2014). Ostrowski—himself a suspended attorney—opted to proceed *pro se* thereafter. *See generally In re Ostrowski*, No. 1:10-

mc-0064, 2014 WL 690528 (M.D. Pa. Feb. 24, 2014), *reconsideration denied*, 2014 WL 1745866 (M.D. Pa. May 1, 2014), *appeal dismissed*, No. 14-2897 (3d Cir. Jan. 6, 2015).

On February 11, 2015, defendant DeAndrea moved to dismiss the action against him for failure to state a claim. (Doc. 8). In support of his motion, DeAndrea argued that: (a) the amended complaint failed to allege retaliatory conduct sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and thus failed to state a viable First Amendment retaliation claim; (b) the amended complaint failed to allege a protected liberty or property interest, and thus failed to state a viable procedural due process claim; (c) the amended complaint failed to allege conduct that "shocks the conscience," and thus failed to state a viable substantive due process claim; and (d) under Pennsylvania law, DeAndrea is entitled to high public official immunity in his role as a municipal police chief, and thus the amended complaint failed to state a viable state-law defamation claim. (Doc. 9). Ostrowski has filed a *pro se* brief in opposition to the motion to dismiss. (Doc. 14). DeAndrea has filed a reply brief. (Doc. 15).

## II.   RULE 12(B)(6) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32–33 (3d Cir. 1980); *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). Although a plaintiff is entitled to notice and an

opportunity to respond to a motion to dismiss, he has no obligation to do so—he may opt to stand on the pleadings rather than file an opposition. The Court must nevertheless examine the complaint and determine whether it states a claim as a matter of law. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F2d 168, 174 (3d Cir. 1990). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.   DISCUSSION

### A. The Plaintiff's Status as a *Pro Se* Litigant

As a preliminary matter, the Court notes that Ostrowski is proceeding *pro se* in this matter. Although a federal court is generally obligated to liberally construe the filings of *pro se* litigants, *see generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013), neither Ostrowski's pleadings nor his motion papers are entitled to liberal construction in this case. For one thing, Ostrowski was represented by counsel at the time when he filed his original and amended complaints. It

was not until several months later that his counsel of record was suspended from practice before the bar of this Court and Ostrowski began to appear *pro se*. For another, as a trained attorney at law—albeit one suspended from the active practice of law—Ostrowski is not entitled to have his filings liberally construed. *See McNamara v. Brauchler*, 570 Fed. App'x 741, 743 & n.2 (10th Cir. 2014) (per curiam) ("[T]he purpose behind affording liberal construction to *pro se* filings—which is to assure adequate review of claims brought by non-legally trained individuals—would not be furthered by construing [a disbarred attorney's] filings liberally."); *Feingold v. Unitrin Direct*, Civil Action No. 12-1250, 2012 WL 3866945, at *3 (E.D. Pa. Sept. 6, 2012) (disbarred attorney); *Allegrino v. Conway E & S, Inc.*, Civil Action No. 09-1507, 2010 WL 3943939, at *5 (W.D. Pa. Oct. 6, 2010) (disbarred attorney).

## B. Federal Civil Rights Claims

The amended complaint asserts federal civil rights claims pursuant to 42 U.S.C. § 1983. Section 1983 provides a private cause of action with respect to the violation of federal constitutional rights. The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or

the District of Columbia, subjects, or causes to be
subjected, any citizen of the United States or any other
person within the jurisdiction thereof to the deprivation
of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured
in an action at law, suit in equity, or other proper
proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides

remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*,

471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must

establish that the defendant, acting under color of state law, deprived the

plaintiff of a right secured by the United States Constitution. *Mark v.

Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

Here, Ostrowski has alleged that DeAndrea's statements at the press

conference were made in retaliation for the filing of his original complaint

in this action, an exercise of his First Amendment right to petition the

courts for redress, and for his decision to run against the incumbent U.S.

Representative for the Eleventh Congressional District, an exercise of his

First Amendment right to run for public office. Alternatively, Ostrowski

has alleged that these statements deprived him of a protected right or

interest without due process of law, in violation of the Fourteenth

Amendment. Finally, Ostrowski has alleged, in cursory fashion, that DeAndrea conspired with Officer Doe and other unnamed individuals in the alleged unlawful detention of an unnamed campaign volunteer and the alleged confiscation of nominating petitions with 67 signatures in support of Ostrowski's placement on the election ballot, which allegedly constituted unlawful interference with Ostrowski's right to run for public office under the First Amendment, an unreasonable seizure of his nominating petitions under the Fourth Amendment, and a deprivation of property without due process under the Fourteenth Amendment.[3] Ostrowski seeks an unspecified award of damages, including punitive damages.

---

[3] We note that the amended complaint further asserts that these actions by Officer Doe violated the rights of the unnamed campaign volunteer detained by Officer Doe, the rights of the 67 individuals who signed the nominating petitions, and the rights of Ostrowski's campaign committee, his other campaign volunteers, his political supporters, and all citizens of the Eleventh Congressional District. Although he is legally trained, Ostrowski is not a licensed attorney, having been suspended both by this Court and by the Supreme Court of Pennsylvania. *See Ostrowski*, 2014 WL 690528 at *1. He appears in this action *pro se*, and as a *pro se* litigant, he is not permitted to represent other parties or their interests in federal litigation. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991) (non-lawyer not permitted to represent his minor children); *see also United States v. Taylor*, 569 F.2d 448, 450–51 (7th Cir. 1978) (unlicensed counsel not permitted to represent criminal defendant); *Fagan v. U.S. Dist. Court*, 644 F. Supp. 2d 441, 449 (S.D.N.Y. 2009) (disbarred attorney not permitted to represent interests of former clients).

### 1. Retaliation Claim

Ostrowski claims that DeAndrea's statements at the press conference were made in retaliation for the filing of this litigation and for his decision to run against an incumbent Congressman who was allegedly DeAndrea's personal friend. DeAndrea has moved to dismiss this claim on the ground that the amended complaint has failed to allege retaliatory conduct sufficient to deter a person of ordinary firmness from exercising his constitutional rights.

"[T]o plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (retaliation for filing a lawsuit); *see also Koren v. Noonan*, 586 Fed. App'x 885, 887–88 (3d Cir. 2014) (per curiam) (retaliation for running for public office). At issue here is the second element, which requires Ostrowski to plausibly allege retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights. This inquiry is a "'fact intensive'" one, "'focusing on

the status of the speaker, the status of the retaliator, the relationship between the speaker and the retaliator, *and the nature of the retaliatory acts*[,]' which must 'be more than *de minimis* or trivial.'" *Koren*, 586 Fed. App'x at 888 (quoting *Brennan v. Norton*, 350 F.3d 399, 419 (3d Cir. 2003)) (emphasis and alteration in original).

Here, Ostrowski was a candidate for public office who had filed a federal lawsuit accusing an unidentified Hazleton police officer of unlawfully detaining one of his campaign volunteers and seizing nominating petitions containing 67 signatures. DeAndrea was chief of the police department accused of this unlawful conduct. Ostrowski claims that DeAndrea retaliated against him by holding a "contrived press conference" and characterizing the allegations of the original complaint filed by Ostrowski in this action as "fabricated . . . for political purposes." (Doc. 4, at 1–2, 6). He claims that DeAndrea's statements at the press conference characterizing Ostrowski's allegations as "fabricated" were themselves false and defamatory. (Doc. 4, at 2, 6–7, 9).

As previously noted, conduct is retaliatory if it is "sufficient to deter a person of ordinary firmness from exercising his constitutional rights." *Thomas*, 463 F.3d at 296; *Koren*, 586 Fed. App'x at 887. As the Third

Circuit has previously observed in a case involving similar circumstances, "a plaintiff must plead more than mere 'criticism, false accusations, or verbal reprimands.'" *Koren*, 586 Fed. App'x at 888 (quoting *Brennan*, 350 F.3d at 419). Indeed, "in the political arena, courts have consistently rejected First Amendment retaliation claims based upon assertions of purportedly false reports or criticism." *Id.* Thus, in the context of a political campaign, the question "is not whether [the defendant's] remarks were defamatory—it is whether they would have deterred 'a person of ordinary firmness' from pursuing a similar run for public office." *Koren*, 586 Fed. App'x at 888 (quoting *Thomas*, 463 F.3d at 296).

Here, DeAndrea's allegedly retaliatory behavior was to go to the press and publicly disagree with a political candidate's allegations about police misconduct, characterizing them as "fabricated . . . for political purposes." While these statements may have diminished Ostrowski's reputation to some degree, such reputational damage is insufficient to dissuade a person of ordinary firmness from seeking political office. *See Koren*, 586 Fed. App'x at 888 (alleged defamatory comments about candidate's past employment performance); *Bradshaw v. Twp. of Middleton*, 296 F. Supp. 2d 526, 542 (D.N.J. 2003) (defendant's statement

to newspaper that plaintiff's comment in another newspaper was "a lie"); *Smith v. Cent. Dauphin Sch. Dist.*, 511 F. Supp. 2d 460, 475 (M.D. Pa. 2007) (defendant's comments to others that plaintiff was lying). *See generally Zerka v. Amicone*, 634 F.3d 642, 646 (2d Cir. 2011) ("Retaliatory insults or accusations may wound one's soul, but by themselves they fail to cross the threshold of measurable harm required to move government response to public complaint from the forum of free speech into federal court.").

Accordingly, it is recommended that Ostrowski's retaliation claim be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 2. Due Process Claim

Ostrowski claims that DeAndrea's statements at the press conference violated his procedural and substantive due process rights under the Fourteenth Amendment by interfering with his First Amendment right to run for public office. DeAndrea has moved to dismiss this claim on the ground that Ostrowski has failed to allege a protected liberty or property interest, and that Ostrowski has failed to allege conduct that "shocks the conscience."

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV § 1. As the Supreme Court has observed, "the core of the concept" of due process is "protection against arbitrary action." *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998); *see also Chambers ex rel. Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 587 F.3d 176, 190 (3d Cir. 2009); *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 399 (3d Cir. 2003). "The Due Process Clause's primary protection against the arbitrary exercise of power by government officials is its requirement of fair procedures—that is, of procedural due process." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000). Nevertheless, "a non-legislative government deprivation that comports with procedural due process may still give rise to a substantive due process claim upon allegations that the government deliberately and arbitrarily abused its power." *Id.* (internal quotation marks omitted). But "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Lewis*, 523 U.S. at 846; *Chambers*, 587 F.3d at 190; *United Artists*, 316 F.3d at 399.

"[T]o prevail on a substantive due process claim, 'a plaintiff must

prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience.'" *Chambers*, 587 F.3d at 190 (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)). Whether the right or interest asserted is entitled to substantive due process protection depends on whether it is considered "fundamental." *Nicholas*, 227 F.3d at 140–41; *Snyder v. Bender*, No. 1:09-CV-0927, 2010 WL 2103640, at *6 (M.D. Pa. May 25, 2010); *Tobin v. Badamo*, No. 3:00CV783, 2000 WL 1880262, at *4 (M.D. Pa. Dec. 20, 2000) ("Federal substantive due process rights are created by the U.S. Constitution and federal substantive due process protection is accorded only to fundamental interests derived from the federal Constitution."). "[T]he right to run for public office, unlike the right to vote, is not a fundamental right" protected by substantive due process. *Snyder*, 2010 WL 2103640, at *6 (quoting *Stiles v. Blunt*, 912 F.2d 260, 265 (8th Cir. 1990) (citing *Bullock v. Carter*, 405 U.S. 134, 142–43 (1972))). Mere defamation or harm to reputation is likewise outside the scope of substantive due process protection. *See Paul v. Davis*, 424 U.S. 693, 713 (1976); *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 399–404 (3d Cir. 2000); *Austin v. Neal*, 933 F. Supp. 444, 455–56 (E.D. Pa.

1996); *Tobin*, 2000 WL 1880262, at *4 ("[T]he law does not recognize a cause of action for substantive due process based on defamation or harm to reputation.").

With respect to procedural due process, the Fourteenth Amendment only requires due process if a state interferes with a protected liberty or property interest. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 459–60 (1993). Here, Ostrowski alleges that, in convening the press conference and stating that the allegations of his original complaint were "fabricated . . . for political purposes," DeAndrea sought to "smear" Ostrowski and to "hurt and harm his chances to win the election." Ostrowski does not allege that he was prevented from accessing the ballot. Indeed, the amended complaint explicitly acknowledges that he met the numerical signature requirements despite the alleged loss of 67 signatures, and the Court further notes that Ostrowski's campaign persisted and he stood against the incumbent in the general election on November 4, 2014.[4] As such, taking the facts alleged as true and viewing

---

[4] The official election results are available on the Pennsylvania Department of State's website. Pa. Dep't of State, 2014 General Election – Official Returns – Representative in Congress (Nov. 4, 2014), *available at* http://www.electionreturns.state.pa.us. These state election records are
*(continued on next page)*

them in the light most favorable to the plaintiff, the only actual injury alleged in the amended complaint as a result of DeAndrea's allegedly defamatory statements is an injury to Ostrowski's reputation.

But "injury to reputation by itself [i]s not a 'liberty' interest protected under the Fourteenth Amendment." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *see also Snyder v. Bender*, No. 1:09-CV-0927, 2010 WL 2103640, at *5–*6 (M.D. Pa. May 25, 2010) (finding alleged injury to a political candidate's reputation did not demonstrate deprivation of a protected liberty or property interest). "[S]o long as . . . damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a [federal civil rights] action." *Siegert*, 500 U.S. at 234.

Here, Ostrowski has failed to allege the deprivation of a fundamental right or interest protected by substantive due process or a liberty or property interest protected by procedural due process. Accordingly, it is recommended that Ostrowski's due process claim be dismissed for failure

---

public records of which this Court may properly take judicial notice in considering dismissal of an action for failure to state a claim. *See* Fed. R. Evid. 201; *Tellabs*, 551 U.S. at 322; *Dudum v. Arntz*, 640 F.3d 1098, 1102 n.6 (9th Cir. 2011).

to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 3. Conspiracy Claim

Ostrowski claims that an unidentified Hazleton police officer accosted one of his campaign volunteers on the streets of Hazleton while she was collecting signatures on nominating petitions for Ostrowski's placement on an election ballot. Ostrowski alleges that the unidentified officer unlawfully detained the volunteer and seized three pages of nominating petitions containing 67 signatures from her. The officer then released the volunteer without returning petitions to her. Ostrowski claims that this conduct by an unidentified Hazleton police officer violated his First, Fourth, and Fourteenth Amendment rights. He seeks to hold defendant DeAndrea, chief of the police department that employed the unidentified officer, personally liable for the officer's alleged conduct.

"Civil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim." *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted). As previously explained by

the Third Circuit:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The only allegation in the amended complaint that suggests any role by DeAndrea in the initial incident is a conclusory statement that DeAndrea "became a conspirator" in the unidentified officer's allegedly unlawful conduct several days earlier. (Doc. 4, at 9). This is not a well-pleaded allegation of fact, but rather an unsupported conclusion of law. *See Loftus v. Se. Pa. Transp. Auth.*, 843 F. Supp. 981, 986 n.8 (E.D. Pa. 1994) ("A general allegation of conspiracy without a statement of the facts is an allegation of a legal conclusion and insufficient itself to constitute a cause of action.") (quoting *Black & Yates, Inc. v. Mahogany Ass'n, Inc.*, 129 F.2d 227, 231 (3d Cir. 1941)). To properly plead a conspiracy, a plaintiff must present "'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615

F.3d 159, 178 (3d Cir. 2010) (quoting *Twombly*, 550 U.S. at 556); *Rittenhouse Entm't, Inc. v. City of Wilkes-Barre*, 861 F. Supp. 2d 470, 481 (M.D. Pa. 2012). Specifically, the plaintiff "must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Fox Rothschild*, 615 F.3d at 179; *Rittenhouse*, 861 F. Supp. 2d at 482.

The bald assertion that DeAndrea "became a conspirator" is a legal conclusion not entitled to the assumption of truth, and therefore must be disregarded in the absence of well-pleaded factual allegations to support that conclusion. *See Fox Rothschild*, 615 F.3d at 178; *Rittenhouse*, 861 F. Sup. 2d at 482. The specific events pleaded in the amended complaint—the detention of a campaign volunteer and seizure of the nominating petitions by an unidentified police officer on March 4, 2014, and the allegedly defamatory statements by DeAndrea at a press conference on March 17, 2014—appear to have been "undertaken independently of each other . . . and do not suggest either an agreement, *inter se*, or the type of 'communication, consultation, cooperation, or command from which such an agreement can be inferred.'" *See Loftus*, 843 F. Supp. at 987. "Parallel but independent action by separate actors does not import conspiracy." *Id.*

Accordingly, it is recommended that Ostrowski's conspiracy claim, by which he seeks to hold DeAndrea personally liable for the allegedly unlawful conduct of Officer Doe, be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## C. State-Law Defamation Claim

Ostrowski has asserted a supplemental state-law defamation claim against DeAndrea based on his statements at the press conference. DeAndrea has moved to dismiss this claim on the ground that, under state law, he is entitled to high public official immunity in his role as a municipal police chief.[5]

"Pennsylvania exempts a high public official from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, provided the statements are

---

[5] DeAndrea cites a Commonwealth Court decision, *Herdelin v. Chitwood*, No. 519 C.D. 2012, 2012 WL 8678110 (Pa. Commw. Ct. 2012), in support of the proposition that, as chief of police, he is entitled to high public official immunity as a matter of law. But *Herdelin* was an appeal from a trial court decision on summary judgment, based on evidence rather than on the face of the complaint. *See id.* at *1. Moreover, the appeal focused on whether the allegedly defamatory statements at issue in that case were made outside the scope of the police chief defendant's official duties; the plaintiff did not challenge the trial court's summary judgment determination that the police chief defendant was a high public official. *See id.* at *2 & n.5.

made or the actions are taken in the course of the official's duties or

powers." *Smith v. Borough of Dunmore*, 633 F.3d 176, 181 (3d Cir. 2011).

> Whether a public official is entitled to the immunity
> depends on the nature of his duties, the importance of his
> office, and particularly whether or not he has policy-
> making functions. If an official is entitled to the
> immunity, the court considers the formality of the forum
> in which the alleged acts occurred, and the relationship
> of the legitimate subject of governmental concern to the
> person seeking damages to determine whether they were
> within the scope of defendants' official duties.

*Mariano v. Borough of Dickson City*, 40 F. Supp. 3d 411, 420 (M.D. Pa.

2014) (internal quotation marks omitted). Although it is clear that certain

public officials, such as borough mayors and borough council members, are

"high public officials" as a matter of law, "[t]he status of a police chief for

high public official immunity purposes is less clear. . . . Discovery is

necessary to make this case-specific determination . . . ." *Mariano v.*

*Borough of Dickson City*, Civil Action No. 3:13-0097, 2013 WL 6234622, at

*8 (M.D. Pa. Dec. 2, 2013); *see also Mariano*, 40 F. Supp. 3d at 420 (finding

on summary judgment, after discovery, that a police chief *was not* entitled

to high public official immunity).

 Nevertheless, where a district court has dismissed all claims over

which it had original jurisdiction, the Court may decline to exercise

supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3).

Whether the Court will exercise supplemental jurisdiction is within its

discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision

should be based on "the values of judicial economy, convenience, fairness,

and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Ordinarily, when all federal law claims have been dismissed and only state

law claims remain, the balance of these factors indicates that these

remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350.

Finding nothing in the record to distinguish this case from the ordinary

one, the balance of factors in this case "point[s] toward declining to

exercise jurisdiction over the remaining state law claims." *See Cohill*, 484

U.S. at 350 n.7. Therefore, it is recommended that Ostrowski's state-law

defamation claim be dismissed without prejudice pursuant to 28 U.S.C.

§ 1367(c)(3).

### D. Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is

vulnerable to dismissal for failure to state a claim, the district court must

permit a curative amendment, unless an amendment would be inequitable

or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.

2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Although it is true that Ostrowski has already amended his complaint once, this is the first time his claims have been tested by an adverse party and found lacking. It is not clear that amendment would be futile, nor is there any basis to believe it would be inequitable. It is therefore recommended that Ostrowski be granted leave to file a second amended complaint within a specified time period following dismissal of the amended complaint.

## IV.   RECOMMENDATION

For the foregoing reasons, it is recommended that:

1.     The defendant's motion to dismiss (Doc. 8) be **GRANTED in part and DENIED in part**;

2.     All of the plaintiff's federal civil rights claims be **DISMISSED** for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6);

3.     The plaintiff's state-law defamation claim be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3);

4.     The plaintiff be granted leave to file a second amended complaint within a specified period of time following dismissal of the

amended complaint;

     5.     The Clerk be directed to **CLOSE** this case if a second amended complaint is not timely filed; and

     6.     This matter be remanded to the undersigned for further proceedings, if any.

**Dated: August 11, 2015**          *s/ Joseph F. Saporito, Jr.*
                                              **JOSEPH F. SAPORITO, JR.**
                                              **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW OSTROWSKI,

      Plaintiff,

      v.

FRANK D'ANDREA, et al.,

      Defendants.

CIVIL ACTION NO. 3:14-cv-00429

(CAPUTO, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated August 11, 2015. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: August 11, 2015**                    _**s/ Joseph F. Saporito, Jr.**_
                                                              **JOSEPH F. SAPORITO, JR.**
                                                              **United States Magistrate Judge**