# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ANDREW OSTROWSKI**,

    Plaintiff,

    v.

**OFFICER JOHN DOE and FRANK D'ANDREA**,

    Defendants.

CIVIL ACTION NO. 3:14-CV-429

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SAPORITO)

## MEMORANDUM

Presently before me is Magistrate Judge Joseph F. Saporito's Report and Recommendation (Doc. 16) ("R & R") recommending that Plaintiff Andrew Ostrowski's Amended Complaint (Doc. 4) be dismissed for failure to state a federal claim. Mr. Ostrowski filed timely objections asking that I reject the recommendation. (Docs. 17-18) Defendant Frank DeAndrea[1] seeks dismissal of Mr. Ostrowski's claims against him for relief under 42 U.S.C.A. § 1983 and for defamation under Pennsylvania state law pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 8) Because Mr. Ostrowski fails to state claims against Mr. DeAndrea under Section 1983, I will adopt Magistrate Judge Saporito's recommendation and decline to exercise jurisdiction over Mr. Ostrowski's defamation claim.

## I. Background

### A.   Factual and Procedural Background

According to Mr. Ostrowski's Amended Complaint and as set forth more fully in Magistrate Judge Saporito's R & R, Mr. Ostrowski was a United States congressional candidate running in Pennsylvania's Eleventh Congressional District. (*Amended Complaint "Am. Compl."*, 1.) Mr. Ostrowski's campaign efforts were being assisted by a large number

---

[1] In the Amended Complaint and on the docket sheet, it appears Mr. DeAndrea's name is spelled incorrectly as "D'Andrea". Based on his motion to dismiss, the correct spelling of his name is DeAndrea and therefore, I shall use the proper spelling herein. (*See* Doc. 8)

of dedicated volunteers. (*Am. Compl.* at ¶ 8.)

On March 4, 2014, one volunteer[2] was circulating Mr. Ostrowski's nomination petitions and gathering signatures on Alter Street in Hazleton, Pennsylvania. (*Id.* at ¶¶ 9-10.) The volunteer, while on a public sidewalk, was stopped, detained and taken into custody by a police officer, named as Officer John Doe. (*Id.* at ¶ 10, 12.) Officer Doe then searched her person and effects. (*Id.* at ¶ 11.) Officer Doe confiscated three pages of signed petitions the volunteer had collected, told her she needed a permit to circulate nominating petitions on the streets of Hazleton, released her and ordered her to move on. (*Id.* at ¶¶ 13-14.) Officer Doe took the petitions as he walked off. (*Id.* at ¶ 14.) There is no ordinance in Hazleton.[3] (*Id.* at ¶ 15.) The confiscated signatures were a crucial and necessary part of the petition gathering function undertaken by Mr. Ostrowski because the signatures were required to place him on the ballot and were an expression of support for his candidacy. (*Id.* at ¶ 19.)

Mr. Ostrowski filed a complaint (Doc. 1) on March 7, 2014. (*ECF Docket Report*) The complaint was filed to "ensure the integrity of [Mr. Ostrowski's] access to the ballot, given his history as a civil rights lawyer, [he] knew that, in the event he suffered a ballot challenge, he may need to seek injunctive relief, and that it was necessary to make all efforts to obtain the signatures." (*Id.* at ¶ 22.) Mr. Ostrowski then called Mr. DeAndrea, the Hazleton City

---

[2] Mr. Ostrowski does not name the volunteer other than to state that she is "known to [Mr. Ostrowski] but is fearful of retaliation, [and] is a young Hispanic woman (a resident of the city of Hazleton)". (*Am. Compl.* at ¶ 9.) Notably, she is also not a named plaintiff in this action.

[3] Mr. Ostrowski contends that no such ordinance exists in Hazleton but if one ever did or does currently exist, "it is facially repugnant to the First Amendment of the U.S. Constitution in any event." (*Am. Compl.* at ¶ 16.) Mr. Ostrowski's Amended Complaint does not seek to challenge any ordinance or regulation.

Chief of Police[4], three times on March 10, 2014, the day before the nominating petitions were due to be filed, in an effort to get the petitions back. (*Id.* at ¶ 23.) Mr. Ostrowski was not connected with Mr. DeAndrea. (*Id.*) Mr. Ostrowski then sent Mr. DeAndrea an email but did not receive a response (*Id.* at ¶ 24.)

On March 10 and 11, 2014, Mr. Ostrowski filed his nominating petitions, meeting the numerical signature requirement for his name to be placed on the ballot. (*Id.* at ¶ 24.)

On March 17, 2014, Mr. Ostrowski was told Mr. DeAndrea was going to be holding a press conference and Mr. Ostrowski was asked if he would be available for comment, and he said he would. (*Id.* at ¶ 25.) Mr. Ostrowski believed Mr. DeAndrea was going to return the petitions. (*Id.*) Mr. DeAndrea did not return the petitions, which Mr. Ostrowski believes were in his personal possession. (*Id.* at ¶ 26.) Instead, during the press conference, Mr. DeAndrea accused Mr. Ostrowski of fabricating the entire event for political purposes. (*Id.*)

On July 7, 2014, Mr. Ostrowski filed an Amended Complaint against Officer John Doe and added Mr. DeAndrea as a defendant. (Doc. 4) On February 11, 2015, Mr. DeAndrea filed a motion to dismiss the claims against him for failure to state a claim. (Doc. 8) On February 19, 2015, the case was referred to Magistrate Judge Saporito. On February 25, 2015, Mr. DeAndrea filed a brief in support of his motion to dismiss.[5] (Doc. 9) On April

---

[4] (*Am. Compl.* at 1.)

[5] Mr. DeAndrea's motion seeks dismissal only of the claims against him because the Defendant named as Officer John Doe has not yet been named, nor served. (Doc. 9, 1 n, 2.) Therefore, Mr. Ostrowski's claims against Officer John Doe remain pending. However, Mr. Ostrowski filed his Amended Complaint on July 7, 2014 and has yet to serve Officer John Doe. Federal Rule of Civil Procedure 4 provides the following:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows

1, 2015, Mr. Ostrowski filed a brief in opposition to the motion to dismiss. (Doc. 14) On April 20, 2015, Mr. DeAndrea filed a reply brief. (Doc. 15) Magistrate Judge Saporito issued the R & R on August 11, 2015. (Doc. 16) On August 27, 2015, Mr. Ostrowski filed his objections to the R & R (Doc. 17) and a brief in support (Doc. 18). Mr. DeAndrea did not file a response. The R & R and the objections thereto are ripe for disposition.

In the R & R, Magistrate Judge Saporito states Mr. Ostrowski's claims as follows:

(1) Mr. DeAndrea made false and defamatory statements regarding Mr. Ostrowski at the press conference on March 17, 2014;

(2) Mr. DeAndrea made those statements in retaliation for the filing of the original complaint in this litigation;

(3) Mr. DeAndrea's statements were intended to interfere with Mr. Ostrowski's right to run for elected office;

(4) Mr. DeAndrea was a conspirator in the alleged unlawful detention of the campaign volunteer and confiscation of the nominating petitions.

(Doc. 16, 4.) Mr. Ostrowski alleges the above actions violated his First, Fourth and Fourteenth Amendment rights. (*Id.*) Magistrate Judge Saporito recommends that all of Mr. Ostrowski's federal claims be dismissed for failure to state a claim upon which relief can be granted. It is also recommended that discretionary jurisdiction over Mr. Ostrowski's state law defamation claim be declined based on the dismissal of the federal claims. It is, however, recommended that Mr. Ostrowski be granted leave to amend his Amended Complaint. In his objections, Mr. Ostrowski seeks permission to amend his Amended Complaint if the R & R is adopted. (Doc. 18, 2.) However, Mr Ostrowski maintains he has adequately pled his

---

good cause for the failure, the court must extend the time for service for an appropriate period.

Magistrate Judge Saporito's R & R clearly states that the entire case is recommended tp be dismissed and closed if an amended complaint is not filed. (Doc. 16, 26.) In accordance with Federal Rule of Civil Procedure 4(m), and based on Mr. Ostrowski's failure to name or serve the unnamed defendant within ninety (90) days, I will dismiss his claims against Officer John Doe without prejudice.

claims and his seven (7) objections to Magistrate Judge Saporito's R & R are summarized as follows:

(1) Magistrate Judge Saporito fails to appreciate the proper First Amendment context for this case, in that this case is not simply about Mr. DeAndrea holding a press conference, but rather it is a "case of a rogue police officer in a City marked by nepotistic and bigoted practices using a position of power to quell dissent and political opposition, and D'Andrea [sic] becoming complicit in that conduct, and further involved in the violations of Plaintiff's rights, and compromised the integrity of the electoral process."

(2) Magistrate Judge Saporito minimizes the allegations against Mr. DeAndrea. The R & R fails to take into consideration Mr. Ostrowski's allegations that Mr. DeAndrea was in possession of the petitions and that the press conference and purported investigation in to the whereabouts of the petitions was contrived for the political purpose of damaging Mr. Ostrowski's chances because of Mr. DeAndrea's relationship with the incumbent congressman, leading Mr. DeAndrea to become a conspirator in the original unlawful act, its concealment and the effort to interfere with Mr. Ostrowski's attempt to get elected.

(3) Magistrate Judge Saporito mischaracterizes Mr. Ostrowski's seizure pleading and argument in that Mr. Ostrowski pled a Fourth Amendment seizure claim and did not raise or argue a "substantive due process" claim. Mr. Ostrowski pled a Fourth Amendment Seizure without Fourteenth Amendment due process claim and the seizure of property without due process is actionable under Section 1983.

(4) Magistrate Judge Saporito improperly recommends dismissing his conspiracy claim because Mr. Ostrowski's Amended Complaint presents facts establishing Mr. DeAndrea's personal involvement in a conspiracy and further course of conduct, to interfere with Mr. Ostrowski's protected First Amendment activities, his rights of association and that Mr. DeAndrea's actions were taken in retaliation for the protected exercise of his rights.

(5) Magistrate Judge Saporito fails to address Mr. Ostrowski's First Amendment associational rights claim. This claim is based on Mr. DeAndrea's unlawful conduct and conspiracy to compromise Mr. Ostrowski's standing in the political party and among voters.

(6) Magistrate Judge Saporito fails to address Mr. Ostrowski's claims under the Pennsylvania Constitution, which he avers are protected by Section 1983.

(7) Magistrate Judge Saporito fails to reach the merits of his defamation claim

>       based on jurisdictional discretion but the state law claim should remain viable along with his federal claims.

(Doc. 18) The recommendations and Mr. Ostrowski's objections thereto are addressed below.

### B.   Legal Standards

#### 1.   Report and Recommendation

Where objections to a magistrate judge's R & R are filed, the Court must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)).  This only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).

In conducting a *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

#### 2.   Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000).  The Court does not consider whether a plaintiff will ultimately prevail. *See id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United*

*States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196.  The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

## II. Discussion

Mr. Ostrowski sets forth claims under 42 U.S.C. § 1983, which provides that every person who, under color of state law, subjects any citizen of the United States to the deprivation of any federal right shall be liable to the party injured. Count I of Mr. Ostrowski's Amended Complaint alleges that Officer John Doe violated his First and Fourteenth Amendment Rights.[6] Count II of Mr. Ostrowski's Amended Complaint alleges violations of his Fourth and Fourteenth Amendment Rights by Mr. DeAndrea and includes a claim for defamation under Pennsylvania law.

---

[6] Mr. Ostrowski continuously asserts violations of his rights, as well as the unnamed campaign volunteer's rights and "the rights of every American citizen who resides in the 11th Congressional District," and the rights of the 67 people who signed the allegedly confiscated petitions. (*See Am. Compl.* at ¶ 32.) As noted, Mr. Ostrowski is the only named plaintiff in this action. As an individual, he lacks standing to assert that other's rights were violated; if the campaign volunteer, the citizens of the Eleventh district and those who signed the petitions seek redress for injuries, they must assert such claims. *See Stampone v. Crifasi*, 2006 WL 2711471 *8 (D. N.J., Sept. 20, 2006).

### A.  First and Second Objections

Mr. Ostrowski's first objection is that Magistrate Judge Saporito fails to give his First Amendment violations appropriate consideration stating Magistrate Judge Saporito "did not mention Brown v. Hartledge, [sic] 456 U.S. 45 (1982), where the Supreme Court makes this protection emphatically clear and that the '[First Amendment] guarantees has its fullest and most urgent application precisely to the conduct of campaigns for public officer,'" and that this case is about much more than Mr. DeAndrea's press conference. (Doc. 18, 2.) In his opposition to the motion to dismiss, Mr. Ostrowski states that this case "directly implicates the protection of the First Amendment from interference with a political candidates's right to run for and hold public office, and all associational rights connected thereto." (Doc. 14, 4.)

Although Magistrate Judge Saporito analyzes Mr. Ostrowski's First Amendment claim as one of retaliation on behalf of Mr. DeAndrea and Mr. DeAndrea moves to dismiss Mr. Ostrowski's First Amendment retaliation claim (Doc. 9, 6.), Mr. Ostrowski now states that he also raises a claim that Mr. DeAndrea was complicit in conduct that was part of a "practice of using a position of power to quell dissent and political opposition" while violating Mr. Ostrowski's rights, "and [that] compromised the integrity of the electoral process." (Doc. 18, 2.) Mr. Ostrowski, however, fails to specifically object to Magistrate Judge Saporito's recommendation that his claim against Mr. DeAndrea of retaliation in response to the exercise of his First Amendment rights be dismissed for failure to state a claim. Therefore, having reviewed the recommendation, I find no clear error or manifest injustice and will adopt the recommendation. (Doc. 16, 11-14.) Mr. Ostrowski's First Amendment claim for retaliation by Mr. DeAndrea will be dismissed.

Turning to Mr. Ostrowski's allegation that Mr. DeAndrea interfered with his First and Fourteenth Amendment right to run for elected office (Doc. 4, 9.), Mr. Ostrowski objects contending that Magistrate Judge Saporito failed to adequately address his claims and argues the failure to cite to *Brown v. Hartlage* in the R & R was error. In *Brown v. Hartlage*,

9

the Supreme Court addressed a challenge to an action taken pursuant to a Kentucky Statute voiding the election results of a successful candidate. 456 U.S. 45, 102 S. Ct. 1523 (1982). The Court held that the election of a candidate to office, who made a campaign promise that was deemed to violate the Kentucky Corrupt Practices Act, could not be voided because a "political candidate does not lose the protection of the First Amendment when he declares himself for public office." *Id.* at 53. "The candidate, no less than any other person, has a First Amendment right to engage in the discussion of public issues and vigorously and tirelessly to advocate his own election and the election of other candidates." *Id.* (citing *Whitney v. California*, 274 U.S. 357, 375, 47 S.Ct. 641, 648, 71 L.Ed. 1095 (1927) (concurring opinion)). Mr. Ostrowski's Amended Complaint, unlike in *Brown*, does not challenge a statutory provision that restricts a candidate's speech, nor does he challenge a regulation or allege a purported constraint on the right to vote. Instead, Mr. Ostrowski alleges that Officer Doe's actions in confiscating the nomination petitions, violated Mr. Ostrowski's rights "to run for office and of his rights to associate with Jane Doe and enjoy his rights under the First and Fourteenth Amendments, and to possess nominating papers." (*Am. Compl.* at ¶ 13.)

"The protection of the First and Fourteenth Amendments extends to partisan political organizations as well as to individuals." *Eu v. San Francisco County Democratic Cent. Comm.,* 489 U.S. 214, 224, 109 S.Ct. 1013, 1020, 103 L.Ed.2d 271 (1989).("It is well settled that partisan political organizations enjoy freedom of association protected by the First and Fourteenth Amendments") And, a candidate for public office does in fact have a right to run for public office, however, "[n]either the right to associate nor the right to participate in political activities is absolute in any event." *Krisher v. Sharpe*, 763 F. Supp. 1313, 1318 (E.D. Pa.) *aff'd,* 944 F.2d 897 (3d Cir. 1991*)* (citing *United States Civil Service Commission v. National Association of Letter Carriers,* 413 U.S. 548, 567, 93 S.Ct. 2880,

2891, 37 L.Ed.2d 796 (1973)). Mr. Ostrowski has not alleged that he was precluded from running for office either by Mr. DeAndrea or any law or ordinance. As noted by Magistrate Judge Saporito (Doc. 16, 17 n.4.) and as conceded by Mr. Ostrowski, he "has not been intimidated or chilled in the least from these lawless, manipulative tactics of this rogue police chief, but is inspired to persist in those efforts to fight such oppression." (Doc. 14, 5.) Mr. Ostrowski has simply failed to plead any facts to support his conclusion that there was an effort to "quell dissent and political opposition" and therefore, he fails to plead a viable claim for violation of his First Amendment rights. Mr.Ostrowski's First Amendment claims against Mr. DeAndrea must fail.

### B.     Second and Fourth Objection

Mr. Ostrowski's second and fourth objections relate to Mr. Ostrowski's conspiracy claim against Mr. DeAndrea. Mr. Ostrowski states that Magistrate Judge Saporito "unduly circumscribed the role of Mr. DeAndrea in this case." (Doc. 18, 2.) Although Mr. Ostrowski admits he did not allege Mr. DeAndrea was one of the "other employees" included in paragraph 21 of his Amended Complaint, he now asserts that he intended Mr. DeAndrea was among a class of "other employees" who were acting, as part of a plan, on behalf of the incumbent congressman, to impede the efforts of Mr. Ostrowski, and he now suggests that there is a possibility that Mr. DeAndrea was the officer who confronted the campaign volunteer. (*Id.* at 3.) Mr. Ostrowski failed to plead these facts.

Mr. Ostrowski additionally states that he properly alleges that Mr. DeAndera has the petitions in his possession and that Mr. DeAndrea contrived an investigation into the whereabouts of the petitions and a press conference for political purposes based on his friendship with and support for the incumbent congressman in an effort to smear and damage Mr. Ostrowski's chances to be elected. (*Id.*) These allegations purport to address Mr. DeAndrea's role in a conspiracy and therefore, are discussed as warranted in the

context of Mr. Ostrowski's conspiracy claim.

Mr. Ostrowski's fourth objection addresses Magistrate Judge Saporito's recommendation regarding Mr. Ostrowski's conspiracy claim. (Doc. 18, 5.) Mr. Ostrowski argues that he has clearly pleaded facts establishing Mr. DeAndrea's personal involvement in a conspiracy and a course of conduct intended to interfere with his First Amendment activities, his rights of association and in retaliation for the protected exercise of his rights. (*Id.*) Mr. Ostrowski alleges that based on "information and belief Officer Doe and other employees for the City of Hazleton are knowingly engaged, unlawfully, in actions to intentionally impede and harm Mr. Ostrowski in the form of supportive efforts for the incumbent Congressman, a former mayor of Hazleton, and, upon information, at his behest."[7] (*Am. Compl.* at ¶ 21.) Mr. Ostrowski fails to allege involvement by Mr. DeAndrea, Further, "where the existence of a conspiracy is based only on legal conclusions, rather than factual allegations, a plaintiff's complaint fails to meet the pleading standard announced in *Twombly*." *Snyder v. Bender*, 2010 WL 2103640, *7 (M.D. Pa. May 25, 2010). A plaintiff must at a minimum, allege the "period, object or acts taken in furtherance of the conspiracy." *Snyder v. Bender*, 2010 WL 2103640, *7 (M.D. Pa. May 25, 2010). Accordingly, Mr. Ostrowski has not pleaded any factual allegations to demonstrate that there was a conspiracy, in which Mr. DeAndrea was a participant, to violate his First

---

[7] "'Upon information and belief' averments are insufficient under *Iqbal* and *Twombly*, *. . .* unless (1) 'the facts are peculiarly with the possession and control of the defendant' or (2) the 'belief is based on factual information that makes the inference of culpability plausible.'" *McClure v. Comm'r Jeffrey T. Haste*, No. 1:14-CV-2249, 2016 WL 695111, at *1 n. 4 (M.D. Pa. Feb. 19, 2016) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). The information upon which Mr. Ostrowski bases his allegations of Mr. DeAndrea's possession of the petitions and his friendship with the incumbent congressman would be solely in Mr. Ostrowski's possession and his averments based on information and belief are not accompanied by any additional factual information. Therefore, such bald assertions need not be credited.

Amendment right to run for political office and further has made no showing that his rights were violated. Even viewing the factual allegations in a light most favorable to him, Mr. Ostrowski has not alleged any action that deterred or derailed his run for political office by the unnamed police officer, and more importantly, other than making conclusory allegations and bald assertions, he has failed to plead any facts that connect Mr. DeAndrea to the actions of Officer Doe. Additionally, Mr. Ostrowski's allegations regarding Mr. DeAndrea's statements at the press conference  "were contrived by the defendants Andrea [sic] to adversely affect Ostrowski's First Amendment rights"  (*Am. Compl.* at ¶ 26.), are also without factual support.

Magistrate Judge Saporito thoroughly reviews the necessary elements of a civil conspiracy claim as well as the allegations in the Amended Complaint. (Doc. 16, 19-22.) I will not unnecessarily repeat the analysis herein. I will adopt Magistrate Judge Saporito's recommendation with regard to Mr. Ostrowski's conspiracy claim against Mr. DeAndrea.

**C.     Third Objection**

Mr. Ostrowski contends that Magistrate Judge Saporitio "wholly misread . . . the Plaintiff's pleading and argument on the issue of seizure of the petitions." (Doc. 18, 3.) Mr. Ostrowski argues he alleged an actionable Fourth Amendment seizure of his property without a Fourteenth Amendment provision of due process, and cites to *Sodal v. Cook County*, 506 U.S. 56 (1992). In *Sodal,* the Supreme Court stated that the "Fourth Amendment, made applicable to the States by the Fourteenth," prohibits the seizure of property and "the 'seizure' of property, . . . occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook Cty., Ill.*, 506 U.S. 56, 61, 113 S. Ct. 538, 543, 121 L. Ed. 2d 450 (1992)(citing *Ker v. California,* 374 U.S. 23, 30, 83 S.Ct. 1623, 1628, 10 L.Ed.2d 726 (1963); *United States v. Jacobsen,* 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984)).

Mr. Ostrowski fails to plead a Fourth Amendment claim against Mr. DeAndrea. The specific allegations are that the petitions were taken from the unnamed volunteer by an unnamed police officer. Mr. Ostrowski's speculative allegations without any factual support[8] fail to give rise to a claim for a violation of his Fourth Amendment property rights by Mr. DeAndrea. *See Sodal*, 506 U.S. at 60, 113 S. Ct. at 543 ("Under 42 U.S.C. § 1983, the [plaintiffs] were required to establish that the respondents, acting under color of state law, deprived them of a constitutional right, in this instance, their Fourth and Fourteenth Amendment freedom from unreasonable seizures by the State.") Mr. Ostrowski provides no factual basis for his assertion that Mr. DeAndrea was in possession of the petitions. Therefore, he has failed to state a claim against Mr. DeAndrea for violation of his Fourth and Fourteenth Amendment rights.

### D.     Fifth Objection

Mr. Ostrowski's fifth objection states that Magistrate Judge Saporito "did not mention the associational rights claim set forth," which he avers is "in its own right, and one of additional directly intended consequences of D'Andrea's [sic] unlawful conduct and conspiracy . . .to compromise the plaintiff's own standing in his political party and with his voters." (Doc. 18, 5.) Mr. Ostrowski references paragraphs 21, 25, 26, and 27 of his Amended Complaint. (*Id.*) Those paragraphs allege the following:

> 21. "Upon information and belief, Officer Doe and other employees for the City of Hazleton are knowingly engaged, unlawfully, in actions to intentionally impede and harm Mr. Ostrowski in the form of supportive efforts for the incumbent Congressman, a former mayor of Hazleton, and upon information at his overt behest.

---

[8] Mr. Ostrowski alleges "based on information and belief [the petitions] were instructed to [Mr. DeAndrea's] personal possession. . . " (*Am. Compl.* at ¶ 26.) However, based on his failure to allege that Mr. DeAndrea seized his property without due process, this claim must fail and Magistrate Judge Saporito was correct in not addressing such a claim against Mr. DeAndrea.

14

> . . .
>
> 25. On March 17, 2014, Plaintiff was advised that a press conference was being held by D'Andrea, and asked whether he would be available that afternoon for comment, to which Plaintiff responded affirmatively. Plaintiff believed that D'Andrea was going to accept his invitation to have the matter resolved, and agree to return the petitions, though D'Andrea never did respond to the March 10 email.
>
> 26. D'Andrea did not, however, admit that a mistake was made and did not return the petitions; which upon information and belief were instructed to his personal possession, instead, he held the press conference, and made accusations that the Plaintiff fabricated the entire event for political purposes. This is categorically false , and were contrived b [sic] the defendants Andrea [sic] to adversely affect Ostrowski's First Amendment rights
>
> 27. Upon information and belief, D'Andrea [sic] and unknown others (possibly additional defendants in this case), made a calculated decision to hold the press conference in response to the email of the Plaintiff, capitalizing on the expressed reluctance of Jane Doe to come forward (a condition that still applies), and to smear the Plaintiff and further hurt and harm his chances to win the election against the former Mayor of his hometown a personal friend and confident [sic] of D'Andrea [sic].

(*Am. Compl.* at ¶¶ 21, 25-27.)

Courts have described two types of freedom of association claims: the right to freedom of intimate association and the right to freedom of expressive association. *Salvation Army v. Dep't of Cmty. Affairs,* 919 F.2d 183, 198 (3d Cir.1990). The right to expressive association protects the "right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends." *Roberts v. U.S. Jaycees,* 468 U.S. 609, 622, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984). It is assumed that Mr. Ostrowski is asserting an expressive association claim. The First Amendment, applied to the states through the Fourteenth Amendment, protects individuals' rights to "associate with others for the common advancement of political beliefs and ideas." *Eastman v. Lackawanna Cty.*, 95 F. Supp. 3d 773, 784 (M.D. Pa. 2015) (citing *Kusper v. Pontikes,* 414 U.S. 51, 56, 94 S.Ct. 303, 38 L.Ed.2d 260 (1973)). "The right to associate with the political party of one's choice is an integral part of this basic constitutional freedom." *Kusper v. Pontikes*, 414 U.S. 51, 57, 94 S. Ct. 303, 307, 38 L. Ed. 2d 260 (1973) (citing *Williams v. Rhodes*, 393 U.S. 23,

30, 89 S.Ct. 5, 10, 21 L.Ed.2d 24 (1968)) (citation omitted). However, the right to associate is not absolute, but infringements on that right are only justified "by regulations adopted to serve compelling state interests, unrelated to the suppression of ideas. . . " *Roberts v. U.S. Jaycees,* 408 U.S. 609, 621,104 S. Ct. 3244, 3254 (1984). Despite his contention that he has asserted a claim, Mr. Ostrowski has failed to plead facts that would give rise to a violation of his right to associate. Mr. Ostrowski has not challenged any statute or ordinance that he contends impinges on his association rights. He alleges no specifics in the Amended Complaint to demonstrate that he has a plausible claim of relief for a violation of his association rights and no injury to the voter has been alleged. *See Berg v. Egan*, 979 F. Supp. 330, 336 (E.D. Pa. 1997) ("While the right to free association includes association for the advancement of political beliefs, the free association right implicated when a candidate's name is removed from the ballot is the free association right of the voter who wishes to associate with the candidate by casting his or her vote in the candidate's favor.")

Additionally, although reliance upon information and belief can be sufficient in some instances, Mr. Ostrowski is arguably the only party in possession of the information he purports to base his allegations but does not supported the allegation with any facts and therefore, fails to meet the standard for fact based pleading under *Iqbal* and *Twombly*. *See supra* note 7. Mr. Ostrowski needs to plead facts to make his claims plausible and has not done so. Mr Ostrowski has failed to state a claim against Mr. DeAndrea for a violation of his First Amendment right of association.

### E.    Sixth Objection

Mr. Ostrowski states that Magistrate Judge Saporito fails to recognize his claims under the Pennsylvania Constitution and argues that his claims of violation of the Pennsylvania Constitution are protected by Section 1983. (Doc. 18, 6.) Even assuming Mr. Ostrowski sufficiently alleged violations of the Pennsylvania Constitution, the Supreme Court has said otherwise. Section 1983 "provides the citizen with an effective remedy

against those abuses of state power that violate federal law, [but] it does not provide a remedy for abuses that do not violate federal law." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 119, 112 S. Ct. 1061, 1065, 117 L. Ed. 2d 261 (1992) (citing *Martinez v. California,* 444 U.S. 277, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980); *DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)). Additionally, Mr. Ostrowski's Amended Complaint is devoid of any allegation of a violation of the Pennsylvania Constitution by Mr. DeAndrea other than to state:

> The actions and conduct of defendant DeAndrea, as alleged herein, were taken in retaliation for Plaintiff having filed this case originally and in further interference with Plaintiff's First and Fourteenth Amendment right to run for elected office, as further protected by the Pennsylvania Constitution.

(*Am. Compl.* at ¶ 35.) As "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief" and "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests," *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008), Mr. Ostrowski fails in both regards in terms of his allegations that the Pennsylvania Constitution was violated by Mr. DeAndrea. Mr. Ostrowski fails to state a claim upon which relief can be granted under the Pennsylvania Constitution.

### F.     Seventh Objection

Mr. Ostrowski's seventh objection challenges Magistrate Judge Saporito's recommendation that I should decline to exercise jurisdiction over his Pennsylvania state law defamation claim. (Doc. 18, 6.) Because I will adopt Magistrate Judge Saporito's recommendation, I will decline to exercise jurisdiction over this claim at this time. I will dismiss the claim without prejudice pursuant to 28 U.S.C. § 1367.

### G.     Leave to Amend

As recommended by Magistrate Judge Saporito, I willl grant Mr. Ostrowski leave to amend his Amended Complaint. Mr. Ostrowski is to file an amended complaint in accordance with Federal Rule of Civil Procedure 8(a). Mr. Ostrowski will be given thirty (30)

days from the date of the accompanying order to file an amended complaint in accordance with the foregoing. If Mr. Ostrowski fails to file an amended complaint within thirty (30) days, the Clerk of Court will be instructed to close this case.

### III. Conclusion

For the above stated reasons, I will adopt Magistrate Judge Saporito's recommendation and will dismiss Mr. Ostrowski's federal claims against Mr. DeAndrea. I will also decline to exercise jurisdiction over his state law claim and dismiss the claim without prejudice.

An appropriate order follows.

March 7, 2016
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge